UNITED STATES DISTRICT COURT

Northern District of California

UNITED STATES OF AMERICA,

                Plaintiff(s),                No. CR 09-0657 JSW (MEJ)

  v.

FRANCISCO TORRES SR., et al.        **ORDER RE: DISCOVERY DISPUTE (DKT. #75)**

                Defendant(s).

_____/

        The Court is in receipt of the parties' joint discovery dispute letter, filed May 10, 2010. (Dkt. #75.) The parties' dispute concerns materials pertaining to transcripts produced by the government. Specifically, the government produced transcripts of in-person meetings that took place on 12/29/09, 01/16/09, and 01/20/09, that purport to inculpate Defendants in a cocaine transaction. Defendants allege that those transcripts, produced by the FBI, are riddled with errors and inconsistencies. Defendants contend that confidential informants are identified as defendants (and vice versa), co-defendants are identified as each other, words are attributed to speakers wholly absent from meetings, entire sentences are omitted without any indication of an omission, and phrases are mistranslated. Defendants intend to introduce each transcript at trial and to call each person responsible for making the misidentifications, omissions, mistranslations, and transcription errors to demonstrate that (1) Defendants Torres Sr. and Jr. did not make certain inculpatory statements, (2) the voices of the co-defendants and confidential informants are so similar that no one can reliably differentiate them, (3) that if somehow an identification is deemed reliable, such an identification came from a suspect source, and (4) as impeachment evidence.

        In response, the government argues as follows:

(1) The previously-produced transcripts were drafts only, were produced only as a courtesy, and will not be offered at trial by the government;

(2) The voice identifications made in those draft transcripts were not done by a percipient witness but were done by the linguists who transcribed and translated them, and the government will not call those linguists as witnesses at trial;2

(3) Trial exhibit transcripts are currently being transcribed and translated by an independent, third-party translation company;

(4) The voice-identifications on the trial exhibit transcripts will be made by percipient witnesses, not the transcriber/translator; and

(5) Once the trial exhibit transcripts are prepared (anticipated to be more than 2 months in advance of trial), government counsel will provide them to defense counsel and work to resolve any disputes as to their content.

Upon review of the parties' arguments, the Court finds that Defendants' request is, at best, premature. More likely, however, is that the requests are irrelevant and beyond the scope of permissible discovery. The government is preparing reliable trial exhibit transcripts for trial, and the draft transcripts will not be offered. Further, under Federal Rule of Criminal Procedure 16(a)(1)(B), the government is required to produce the recorded statements, which it has done by producing the original, Spanish-language recordings of the conversations at issue. Finally, the parties and the presiding judge will review the final transcripts for accuracy prior to their admission at trial. Where the parties cannot agree as to portions of the transcript/translation, the jury is typically permitted to hear competing argument and testimony as to the translation and transcription. *See, e.g., United States v. Abonce-Barrera*, 257 F.3d 959, 962 (9th Cir. 2001). Accordingly, the Court hereby DENIES Defendants' request.

**IT IS SO ORDERED.**

Dated: May 25, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

2